UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| AMBER R. SHORE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:19-CV-488-TAV-DCP |
| | ) | 3:18-CR-036-TAV-DCP-5 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### MEMORANDUM OPINION

Petitioner Amber Shore has filed a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 [Doc. 1; Case No. 3:18-cr-36 ("Crim. Case"), Doc. 720].[1] In her motion, she presented three claims. This Court denied petitioner's first and second claims but referred her third claim to United States Magistrate Judge Debra C. Poplin for an evidentiary hearing [Doc. 10]. Now before the Court are Judge Poplin's report and recommendation ("R&R") [Doc. 14], recommending that the Court deny petitioner's third claim, petitioner's objections [Doc. 15] to the R&R, and the government's response [Doc. 16]. For the reasons explained below, petitioner's objections [Doc. 15] will be **OVERRULED**, the Court will **ACCEPT** and **ADOPT** the R&R [Doc. 14] in whole, and petitioner's § 2255 motion [Doc. 1; Crim. Case, Doc. 720] will be **DENIED**.

**I. Background**

The following summary is adopted from the R&R, as no objection to these portions of the R&R has been filed.

---

[1] All docket citations refer to the underlying civil case unless otherwise indicated.

On June 5, 2018, petitioner was charged in 3 counts of a 25-count superseding indictment for conspiracy to distribute 50 grams or more of methamphetamine (Count 1), in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A); distribution of 5 grams or more of methamphetamine (Count 24), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B); and conspiracy to commit money laundering (Count 25), in violation of 18 U.S.C. §§ 1956(h), 1956(a)(1)(A)(i) [Crim. Case, Doc. 24]. On June 14, 2018, petitioner appeared before the Court for her initial appearance/arraignment, and the Court appointed Attorney Josh Hedrick on her behalf [Crim. Case, Docs. 36, 43].

On August 16, 2018, petitioner and Attorney Hedrick signed a plea agreement in which petitioner agreed to plead guilty to Counts One and Twenty-Five of the superseding indictment [Crim. Case. Doc. 168]. Paragraph 11 of the plea agreement provides, in relevant part: "[t]he defendant will not file . . . a direct appeal of the defendant's convictions or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range as determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater" [*Id.* ¶ 11].

On October 3, 2018, petitioner entered a guilty plea to Counts 1 and 25 [Crim. Case. Docs. 168, 219]. During the change of plea hearing, the following exchange occurred:

> The Court: Has your lawyer explained the terms of the plea agreement to you?
>
> The Defendant: Yes.
>
> . . .

2

> The Court: Next, now I'm looking at Paragraph 11. Do you understand your plea agreement contains a provision under which you are waiving the right to challenge, appeal, or collaterally attack your sentence?
>
> The Defendant: Yes.
>
> . . .
>
> The Court: And this paragraph also provides you will not file a direct appeal of your conviction or sentence. Correct?
>
> The Defendant: Yes.
>
> The Court: Do you understand the only exception to this waiver of direct appeal is you retain the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater?
>
> The Defendant: Yes.

[Crim. Case, Doc. 834, pp. 5, 8–10]. After this explanation, petitioner pled guilty to Counts 1 and 25 [*Id.* at 16–18].

At the sentencing hearing, held on February 6, 2019, the Court calculated petitioner's total offense level as 37 and criminal history category as III, resulting in a guideline range of 262 to 327 months' imprisonment [Crim. Case, Doc. 835, p. 26]. The Court ultimately imposed a low-end sentence of 262 months' imprisonment [Crim. Case, Doc. 441, p. 2]. Petitioner did not appeal but filed the instant § 2255 motion on November 25, 2019 [Doc. 1].

In her § 2255 motion, petitioner raised three arguments: (1) that her counsel coerced her into pleading guilty; (2) that her counsel failed to argue for a downward variance based on her role and culpability; and (3) that her counsel failed to file a notice of appeal [Doc. 1,

pp. 4–5, 7]. The Court denied petitioner's first and second claims and denied a certificate of appealability and leave to proceed *in forma pauperis* as to those claims [Doc. 6, p. 13].

As to her remaining claim, petitioner asserts that, after sentencing, she asked Attorney Hedrick if anything could be done about her lengthy sentence, and Attorney Hedrick advised her that she could not appeal because she had signed a waiver [Doc. 2, p. 21]. Petitioner argues that she clearly wished to appeal her sentence [*Id.*]. The undersigned referred this matter to Judge Poplin for an evidentiary hearing to determine whether petitioner timely requested Attorney Hedrick to file a notice of appeal on her behalf or reasonably demonstrated to him that she was interested in appealing such that he should have inquired whether she desired to file an appeal [Doc. 6, pp. 12–14]. The Court subsequently appointed Attorney Wesley Stone to represent petitioner in the evidentiary hearing [Doc. 8], which was held on June 22, 2022. The Court adopts the R&R's summary of the testimony presented at the evidentiary hearing, to which no objection has been filed [Doc. 14, pp. 7–13].

## II. Legal Standard

This Court reviews *de novo* those portions of a magistrate judge's report and recommendation to which a party objects, unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have 'the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'" *Mira*, 806 F.2d at 637

4

(quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)). "A general objection, or one that does nothing more than disagree with a magistrate judge's determination or summarize what has been presented before, is not considered a valid objection." *Payne v. Sawyer*, No. 18-cv-10814, 2020 WL 5761034, at *2 (E.D. Mich. Sept. 28, 2020) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991)).

The Court must vacate, set aside, or correct a prisoner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255. To obtain relief under § 2255 because of a constitutional error, the error must be one of "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A § 2255 petitioner has the burden of proving that she is entitled to relief by a preponderance of the evidence, *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006), and must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

Claims of ineffective assistance of counsel are cognizable under § 2255. *Massaro v. United States*, 538 U.S. 500, 508–09 (2003). A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). First, she must identify specific acts or omissions to prove that counsel's

5

performance was deficient, and that counsel did not provide "reasonably effective assistance," *Strickland*, 466 U.S. at 687, as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (providing that a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance").

Second, a petitioner must also establish "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). Because a petitioner "must satisfy *both* prongs of *Strickland* to obtain relief on an ineffectiveness claim, the inability to prove either one of the prongs—regardless of which one—relieves the reviewing court of any duty to consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (en banc); *accord Strickland*, 466 U.S. at 697.

## III. Analysis

### A. Duty to Consult

In the R&R, Judge Poplin noted that, according to petitioner, Attorney Hedrick never discussed with her the advantages of filing a Notice of Appeal [Doc. 14, p. 17].

6

Attorney Hedrick, on the other hand, gave a "reasonably detailed explanation" of the consultation that occurred throughout the case regarding petitioner's appellate rights [*Id.*]. Judge Poplin acknowledged that the discussion between Attorney Hedrick and petitioner immediately after the sentencing hearing may not have been in-depth but noted that Attorney Hedrick had explained that he had numerous conversations with petitioner regarding various appeal scenarios leading up to the sentencing hearing [*Id.* at 18]. Accordingly, Judge Poplin found that Attorney Hedrick did consult with petitioner about an appeal during the course of the case and that, in light of the minimum guidelines sentence imposed, this limited post-sentencing discussion with petitioner was sufficient to satisfy any constitutional duty of further consultation [*Id.* at 19].

Petitioner objects to the R&R's finding that her trial counsel consulted with her regarding the advantages and disadvantages of filing an appeal [Doc. 15, p. 2]. She argues that, although she asked her counsel at the conclusion of the sentencing hearing what could be done about the sentence, the R&R concludes that the required consultation occurred prior to petitioner's sentencing hearing [*Id.* at 2–3]. She contends that relevant cases have only evaluated post-sentencing discussions regarding a direct appeal, rather than such pre-sentencing discussions [*Id.* at 3]. Petitioner contends that she had a right to be advised of the advantages and disadvantages of filing an appeal *after* her sentence was imposed [*Id.* at 4].

The government responds that Attorney Hedrick consulted with petitioner about an appeal on at least three occasions: (1) when he discussed the appeal waiver before entering

7

into the plea agreement; (2) when he discussed appealing any miscalculated guideline range before the sentencing hearing; and (3) when he explained the lack of grounds for appeal after the sentencing hearing [Doc. 16, pp. 3–4].  As to petitioner's argument that the Court should only consider the post-sentencing consultation, the government argues that the Supreme Court has consistently declined to impose mechanical rules such as this on counsel [*Id.* at 4 (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000))].  The government contends that Attorney Hedrick's consultation was objectively reasonable and that there were simply no issues to appeal [*Id.*].

Petitioner's objection to the R&R's analysis regarding whether counsel provided sufficient consultation ultimately is an issue of timing—Judge Poplin found that counsel's pre-sentencing discussions of appeal rights with petitioner were sufficient, while petitioner contends that counsel should have discussed her appeal rights more in depth after the sentencing hearing.  But, contrary to petitioner's assertion, the Sixth Circuit has addressed this timing issue, stating that "[a]lthough the better practice is always to confer with the client after sentencing, regardless of the discussion that has preceded it," depending on the circumstances of a particular case "the fact that consultation occurred in the course of the case rather than after sentencing is not determinative." *Johnson v. United States*, 364 F. App'x 972, 976 (6th Cir. 2010).

In *Johnson*, the Sixth Circuit noted that defense counsel had engaged in "numerous" discussions with the defendant prior to sentencing involving objections to sentencing calculations and the likelihood of success in appealing any of these matters. *Id.*  And, after

8

the sentencing court overruled the objections, the court informed the defendant of his right to appeal. *Id.* "At this point, [defendant] was fully informed both of his right to appeal and of the slim chance of success on appeal. Under these circumstances, it was reasonable for [defense counsel] to expect a specific request to appeal from [defendant], if [defendant] in fact wanted to appeal." *Id.* Thus, the Sixth Circuit concluded that "[b]ecause [defense counsel] consulted with [defendant] and [defendant] never gave express instructions to file an appeal, *Flores-Ortega* compels the conclusion that [defense counsel]'s actions were objectively reasonable." *Id.* at 976–77.

Similarly, here, Attorney Hedrick testified that he reviewed the appeal waiver contained in the plea agreement with petitioner, and explained that, if she was sentenced within the guideline range, she would have given up her right to appeal her sentence [Doc. 14, pp. 10–11]. Attorney Hedrick also testified that, per his usual practice, he explains generally the ability to appeal a conviction and the ability to appeal a sentence, and how a plea agreement affects those two types of potential appeals [*Id.* at 11]. Prior to the sentencing hearing, Attorney Hedrick discussed petitioner's presentence investigation report ("PSR") with her, and specifically discussed an objection to the PSR's guideline calculations [*Id.* at 12]. Attorney Hedrick advised petitioner that, if the Court overruled her objection, she could appeal that issue, but ultimately, the Court sustained petitioner's objection. Finally, after the sentencing hearing, petitioner expressed dissatisfaction with the sentence and asked something to the extent of "what do we do about that," to which Attorney Hedrick responded that the sentence imposed was at the bottom of the guideline

9

range, was not unexpected, and could not be appealed in light of the appeal waiver [*Id.*]. Additionally, petitioner admits that, at the conclusion of her sentencing hearing, the Court advised her of her right to file a notice of appeal and instructed her that the Clerk of Court could file a notice of appeal on her behalf if she wished [*Id.* at 8].

Given the extent of Attorney Hedrick's pre-sentencing discussions of petitioner's appellate rights, combined with his post-sentencing advice that there were no valid grounds for appeal, and the court-provided notice of the right to appeal, as in *Johnson*, defendant "was fully informed both of h[er] right to appeal and of the slim chance of success on appeal." *See* 364 F. App'x 972, 976. Accordingly, "[b]ecause [Attorney Hedrick] consulted with [petitioner] and [petitioner] never gave express instructions to file an appeal, *Flores-Ortega* compels the conclusion that [Attorney Hedrick]'s actions were objectively reasonable." *See id.* at 976–77. Petitioner's objection to the R&R's conclusion as to the adequacy of Attorney Hedrick's consultation is therefore **OVERRULED**.

### B. Prejudice

Although the Court's finding on the adequacy of Attorney Hedrick's consultation alone is sufficient to deny petitioner's remaining claim, because the R&R alternatively addressed the prejudice prong of an ineffective-assistance-of-counsel claim, the Court will likewise address this alternate ground. In the R&R, Judge Poplin concluded that, even assuming Attorney Hedrick's post-sentencing discussion with petitioner was insufficient, petitioner has not met her burden of demonstrating that it is reasonably probable that, had Attorney Hedrick advised her of the advantages and disadvantages of filing a Notice of

10

Appeal, she would have appealed [Doc. 14, pp. 22–23]. First, Judge Poplin noted that Attorney Hedrick discerned no nonfrivolous grounds for appeal, therefore, it is unclear how further discussion would have led petitioner to pursue an appeal [*Id.* at 23]. Second, Judge Poplin noted that petitioner was informed of her right to appeal at sentencing but had no discussions with Attorney Hedrick about such, nor did she make any effort to have the clerk file a Notice of Appeal, despite being informed of that option [*Id.*].

Petitioner objects to the R&R's conclusion that she has not demonstrated prejudice [Doc. 15, p. 5]. She contends that, now that she understands the advantages and disadvantages of filing an appeal, if her counsel had explained them to her, she would have wanted to file an appeal [*Id.* at 5–6]. She argues that prejudice is not dependent upon the likelihood of success on appeal, but instead, whether she was denied her right to file a notice of appeal [*Id.* at 6].

The government responds that petitioner has not shown a reasonable probability that she would have appealed if counsel had further consulted with her, as she did not ask the Clerk to file an appeal on her behalf and did not send Attorney Hedrick any correspondence regarding an appeal [Doc. 16, p. 5]. The government also contends that petitioner had no nonfrivolous grounds for appeal, and still has not alleged any nonfrivolous grounds exist [*Id.*].

"[T]o show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with h[er] about an appeal, [s]he would have timely appealed." *Flores-Ortega*, 528 U.S. at 484. A

petitioner's inability to specify points she would have raised on appeal, standing alone, is insufficient to find that she has not satisfied the prejudice requirement when there are other substantial reasons to believe she would have appealed. *Id.* at 486. In determining whether a petitioner has established prejudice, courts should consider several factors "including the likelihood of success in the appeal, the potential consequences the defendant would have faced had [s]he pursued the appeal, and any underlying evidence of the defendant's state of mind at the time [s]he decided not to appeal." *Neill v. United States*, 937 F.3d 671, 677–78 (6th Cir. 2019). In deciding this issue, courts must "look to contemporaneous evidence to substantiate a defendant's expressed preferences," rather than relying solely on "*post hoc* assertions from the defendant" about what she would have done. *Id.* at 679 (quoting *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017)).

In *Johnson*, the Sixth Circuit concluded that the facts indicated that it was improbable the defendant would have appealed, as he knew that any appeal had little chance of success, was fully informed of his right to appeal and yet failed to contact his counsel until several months after sentencing, and then waited nearly a full year after his sentencing to file his § 2255 motion. 364 F. App'x at 977. Similarly, the Eastern District of Michigan found that a defendant had not established prejudice when he had been advised that there was very little chance of success on appeal and the result of an appeal would have been either (a) summary dismissal in light of the Rule 11 appeal waiver; or (b) the government reinstating the previously dismissed charges. *Shaw v. United States*, 498 F. Supp. 3d 944, 958 (E.D. Mich. 2020).

12

Here, the Court finds that petitioner has not met her burden of establishing that, had she been fully advised of the advantages and disadvantages of filing an appeal, there is a reasonable probability that she would have filed an appeal. Ultimately, petitioner relies on her own conclusory statement that she would have filed an appeal if fully informed of the advantages and disadvantages, without further explanation. While petitioner is correct that she need not necessarily raise a specific issue with a likelihood of success on appeal to establish prejudice, *see Flores-Ortega*, 528 U.S. at 486, the Sixth Circuit has noted that the likelihood of success on appeal is a valid consideration for the Court in determining whether prejudice has been established. *See Neill*, 937 F.3d at 677–78. And, ultimately, petitioner has presented nothing beyond her own *post hoc* assertions to support her claim that she would have filed an appeal if properly advised.

But contemporaneous evidence does not support petitioner's contention that she would have appealed. As noted previously, petitioner was informed post-sentencing that there was little chance of success on appeal, and she has not pointed to any specific issue which she now believes could have been valid on appeal. Moreover, after asking Attorney Hedrick what could be done about her lengthy sentence, petitioner never specifically asked Attorney Hedrick to file an appeal or contacted him with further questions about her ability to appeal after sentencing. Furthermore, petitioner admits that she was informed by the Court of her right to appeal and that the Clerk of Court could file a notice of appeal for her, but she did not take advantage of that opportunity to seek an appeal. Instead, after her sentencing hearing in February 2019, petitioner took no further action until filing the

13

instant § 2255 motion in November 2019.  In light of these facts, the Court cannot find that petitioner has established a reasonable probability that, had she been fully informed of the advantages and disadvantages of filing an appeal, she would have sought to appeal. Accordingly, petitioner's objection to this alternate ground for denial of her remaining claim is **OVERRULED**.

IV.    **Conclusion**

For the reasons stated above, petitioner's remaining claim—that her counsel failed to consult with her regarding an appeal—is **DENIED**.  The Court will **CERTIFY** that any appeal from the denial of this claim would not be taken in good faith and would be totally frivolous.  Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal.  *See* Fed. R. App. P. 24.  Further, because petitioner has failed to make a substantial showing of the denial of a constitutional right as to this claim, a certificate of appealability **SHALL NOT ISSUE.**  28 U.S.C. § 2253; Fed. R. App. P.  22(b).

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE